**STATE of Missouri, Appellant,**

v.

**Richard G. GLASTETTER, Respondent.**

**No. 60674.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 10, 1991.

Robert E. Parks, Asst. Pros. Atty., Union, for appellant.

Steven P. Kuenzel, James W. McGettigan, Jr., Eckelkamp, Eckelkamp, Wood and Kuenzel, Washington, for respondent.

KAROHL, Judge.

State of Missouri filed an interlocutory expedited appeal authorized by § 547.200 RSMo 1986. The state charged defendant with possessing amphetamine, a controlled substance, in violation of § 195.202 RSMo Cum.Supp.1990. The state's sole point on appeal is "the trial court erred in suppressing the physical evidence in that defendant was lawfully arrested pursuant to a federal search warrant and the search of defendant was pursuant to that lawful arrest." The issue is whether the trial court erred when it sustained defendant's motion to suppress physical evidence which consisted of a glass vial containing amphetamine.

Officer Denningman found it in defendant's left front jacket pocket.

■ "When reviewing a trial court's order suppressing evidence, the facts and reasonable inferences arising therefrom are to be considered favorably to the order challenged on appeal." *State v. Hutchinson*, 796 S.W.2d 100, 104 (Mo.App.1990). We will reverse the judgment of the trial court only if it is clearly erroneous. *Id.*

Officer Denningman of the Washington, Missouri, Police Department was the only witness at the hearing on the motion to suppress. We summarize his testimony. On November 22, 1989, members of the Washington Police Department were in a joint operation with the Drug Enforcement Administration serving a search warrant at Hub Rental at 300 Oak Street, Washington, Missouri. The warrant authorized a search for drugs. A business known as Hub Rental was located on the first floor of the premises. Makeshift living quarters were located on the second floor.

Officer Denningman secured the outside of the building while others made the initial entry. When Denningman entered the building, one of the D.E.A. agents told Denningman to keep an eye on defendant who was in handcuffs. After the D.E.A. agents finished searching upstairs, one agent instructed Denningman to search defendant. Denningman felt a glass vial in defendant's left front jacket pocket while he was making what he called a protective pat-down search. Denningman admitted when he felt defendant's pocket he detected an object he knew was not a weapon of any kind. However, Denningman removed a glass vial from defendant's pocket.

■ The state argues D.E.A. agents turned defendant over to Denningman after placing him under arrest. That appears to be true, defendant was presented in handcuffs. However, there is no evidence indicating a factual basis for finding probable cause for a lawful arrest. The evidence does not identify defendant's relationship to the premises, where or why he was handcuffed or by whom. Defendant was not named in the search warrant. He was

downstairs near the front door when a D.E.A. agent requested Denningman to take charge of defendant. There is no evidence defendant was upstairs where other persons were found and all "other drugs" seized. There is no evidence any drugs were found before defendant was handcuffed or he was arrested for the violation of any criminal law. Denningman did not testify he knew defendant was lawfully under arrest either by personal observation or conversation with the D.E.A. agents. Presence at the scene where a search warrant is being executed does not by itself establish probable cause to arrest. *State v. Moore*, 659 S.W.2d 252, 255 (Mo. App.1983). To draw an inference from Denningman's testimony that defendant was under lawful arrest based on probable cause would be speculative and unauthorized under our standard of review.

■■■ The trial court did not err in sustaining the motion to suppress because the record does not support the conclusion the search was incident to a lawful arrest. If the state had evidence of probable cause to arrest defendant, it did not present the evidence to the court. A warrantless arrest is authorized only if supported by probable cause. *Id.* at 255. The search was not incident to a proven lawful arrest. Rather, Officer Denningman testified he was making a "protective pat-down search" for weapons or hidden instruments that could be used to harm the officers. *See Hutchinson*, 796 S.W.2d at 104. Denningman admitted when he felt defendant's pocket he knew the glass vial was not a weapon of any kind. Therefore, the seizure of the glass vial violated defendant's federal and state constitutional rights to be free from unreasonable searches and seizures. *See State v. Hensley*, 770 S.W.2d 730, 736 (Mo.App.1989).

We affirm.

SMITH, C.J., and AHRENS, J., concur.